**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re: | Case No. 1:26-bk-10322 |
| | Chapter 15 |
| UNI SYSTEMS DO BRASIL LTDA., a Brazilian foreign entity, | |
| Debtor in a Foreign Proceeding. | |

**FOREIGN REPRESENTATIVE'S MOTION FOR RECOGNITION OF DEBTOR'S BRAZILIAN BANKRUPTCY PROCEEDING AS FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 1515 AND 1517 AND FOR ORDER GRANTING RELATED RELIEF PURSUANT TO 11 U.S.C. § 1521**

Dr. Felipe Barbi Scavazzini ("Petitioner" or the "Foreign Representative"), in his capacity as the representative for Compasso Administração Judicial Ltda. ("Compasso"), the court-appointed judicial administrator (the "Judicial Administrator"), and duly-authorized foreign representative of the Brazilian bankruptcy proceeding (the "Brazilian Proceeding") of the above-captioned debtor, Uni Systems do Brasil Ltda. ("Uni Systems") ("Debtor"), pending before the 3rd Civil Court of the Judicial District of Sertãozinho, State of São Paulo, Brazil (the "Brazilian Court"), pursuant to the Brazilian Bankruptcy and Judicial Reorganization Law ("Brazilian Bankruptcy Law") under the laws of the Federative Republic of Brazil ("Brazil"), respectfully submits this Motion for Recognition of Debtor's Brazilian Bankruptcy Proceeding as Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515 and 1517 and for Order Granting Related Relief Pursuant to 11 U.S.C. § 1521 ("Motion for Recognition") (together with the form chapter 15 petition filed contemporaneously herewith, the "Chapter 15 Petition") and hereby moves the Court for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), recognizing the Brazilian Proceeding as a "foreign main proceeding" pursuant to sections 1515

and 1517 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), and granting certain related relief pursuant to section 1521 of the Bankruptcy Code. In support of the Chapter 15 Petition, Petitioner has filed contemporaneously herewith and incorporates herein by reference the Declaration of Dr. Felipe Barbi Scavazzini as Foreign Representative of the Brazilian Proceeding ("Foreign Representative Declaration"), and respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, as well as Rule 87.2 of the Local Rules of the United States District Court for the Southern District of Florida, which incorporates the General Order of Reference entered March 27, 2012, referring all cases arising under the Bankruptcy Code and proceedings arising in or related to cases under the Bankruptcy Code to the Bankruptcy Judges for this judicial district ("Standing Order of Reference"). This is a core proceeding under 28 U.S.C. § 157(b)(2)(P). For reasons discussed below, venue is proper in this judicial district pursuant to 28 U.S.C. § 1410(1) and (3).

## FACTUAL BACKGROUND

### A.    Debtor's Corporate History

2.      Debtor began operating in 1995 under the trade name Barlou, with Joseph Arthur Paul Jacquelin and his wife Roseli Aparecida de Oliveira Jacquelin as shareholders. (Frgn. Rep. Decl. ¶ 9.) A year later, in 1996, the current shareholders, Francesco Scipioni and Marco Antono Pastorelli, were issued shares. (*Id.*)

3.      In 2004, Debtor underwent extensive changes to its corporate structure, as the founders of Barlou withdrew from the company. (*Id.* ¶ 10.) Only two shareholders remained: Scipioni and Pastorelli. (*Id.*) Debtor's corporate purpose also changed to "wholesale trade of machinery, equipment for earthmoving, mining and construction." (*Id.*)

4.      In 2010, Debtor began to invest abroad, first buying 10% of the shares of a Florida company called Southeast Renewable Fuels, LLC ("Southeast Renewable"). (*Id.* ¶ 11.)

5.      In 2011, Debtor again underwent major changes. Debtor's share capital increased significantly from BRL 30,000 to BRL 1,000,000. (*Id.* ¶ 12.)

6.      That same year, Debtor admitted Luis Carlos de Mello as a shareholder. (*Id.* ¶ 13.) He had previously been Debtor's financial manager. (*Id.*) The following month, Debtor admitted Dartagnan Baptista Guimarães as a shareholder on the recommendation of de Mello. (*Id.*)

7.      Between 2010 and 2012, Debtor undertook two large projects, one involving Southeast Renewable and the other with Spanish company Ecoenergia Montsia Maestrat S.A. ("Ecoenergia"), both of which required Debtor to set up industrial plants. (*Id.* ¶ 14.) Debtor sought a certain type of bank financing in connection with these projects that required Debtor to raise additional capital. (*Id.*)

8.      This need for capital explains the admission of new shareholders. (*Id.* ¶ 15.) Indeed, Guimarães contributed a National Treasury Letter in the amount of BRL 1,926,480, which would be used as a guarantee for any project Debtor would carry out. (*Id.*) As Petitioner discovered, however, the National Treasury Bill was forged. (*Id.*) Petitioner also discovered that Debtor's other shareholders knew about the forgery. (*Id.*)

9.      Petitioner concluded that Debtor improperly increased its share capital to more than BRL 38,000,000 to deceive financial institutions when searching for financing. (*Id.* ¶ 16.) The strategy worked, as the company obtained several advance exchange contracts between 2013 and 2015, which exceeded BRL 30,000,000. (*Id.*) From 2011 to 2014, Debtor's share capital rose from BRL 30,000 to BRL 38,529,600. (*Id.*)

10.     Guimarães also claimed to have donated 53 properties to Debtor. (*Id.* ¶ 17.) Petitioner's investigation shows, however, that the properties were not donated, but instead were the object of a purchase and sale between Guimarães and Debtor following a suspicious transfer of the properties to an entity in which Guimarães is a shareholder. (*Id.*) As consideration for the 53 properties, Debtor ceded 5% of its shares to Guimarães and agreed to pay BRL 23,927,738. (*Id.*) Debtor made the payments for the 53 properties to Race Servicos Aereos Ltda., a separate company owned by Guimarães and his wife. (*Id.*)

11.     With this undue increase in capital, Debtor raised approximately BRL 30,000,000 from banks. (*Id.* ¶ 18.) Debtor also diverted more than BRL 16,000,000 to its shareholders through alleged service-provision contracts that never existed. (*Id.*)

12.     Based on his investigation, Petitioner has determined that the significant changes in corporate structure were intended to defraud Debtor, empty it of its assets, and result in bankruptcy. (*Id.* ¶ 19.)

**B.     The Brazilian Proceeding**

13.     On or about October 11, 2016, Debtor applied for court-supervised reorganization, with liabilities of approximately BRL 50 million. (*Id.* ¶ 20.) On or about November 4, 2016, the court-supervised reorganization was granted. (*Id.* ¶ 21.)

14.     On February 8, 2018, the general creditors held a meeting and voted to reject Debtor's proposed reorganization plan. (*Id.* ¶ 22.)

15.     Pursuant to Articles 58-A and 73, III, of the Brazilian Bankruptcy Law, the bankruptcy judge must decree a debtor's bankruptcy when a reorganization plan has been rejected by the general meeting of creditors. (*Id.* ¶ 23.)

16.     On March 19, 2018, the Brazilian Court declared Debtor's bankruptcy and confirmed Compasso's appointment as judicial administrator for Debtor. (*Id.* ¶ 24.)

17. █████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

    a. ██████████████████████████████

    b. █████████████████████████████████████
████████████

    c. █████████████████████████████████████
██████████████████████████████

    d. █████████████████████████████████████
████████████████████████████████████████████
████████████████████

    e. █████████████████████████████████████
██████████████████████

██

18. █████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

███████████████████████████████████████████

████████████████████

19.    ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████

20.    ███████████████████████████████████

████████████████████████████████

    a.    ████████████████████████████████

       ████████████████████████████████

       █████

    b.    ████████████████████████████████

       ███████████

    c.    ████████████████████████████████

       ████████████████████████████████

       ███████

██ ███

21.    ████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

22.    ████████████████████

    a.    ██████████████████████████████████████████

        ██████████████████████████████████████████

        ██████████████████████████████████████████

        ███

    b.    ██████████████████████████████████████████

        ██████████████████████████████████████████

        ██████████████████████████████████████████

        ██████████████████████████████████████████

        ███████████████████████

    ██

23.    ██████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████

24.    ██████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████

## **RELIEF REQUESTED**

25.     Petitioner requests that this Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit 1**, and pursuant to sections 1517 and 1521 of the Bankruptcy Code:

a.  granting the Chapter 15 Petition;

b.  finding and concluding that the Brazilian Proceeding is a "foreign proceeding" as defined in section 101(23) of the Bankruptcy Code;

c.  finding and concluding that Petitioner is the "foreign representative" of the Brazilian Proceeding as defined in section 101(24) of the Bankruptcy Code;

d.  finding and concluding that the Chapter 15 Petition, together with the Foreign Representative Declaration (and exhibits thereto), meets the requirements of section 1515 of the Bankruptcy Code;

e.  recognizing the Brazilian Proceeding as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code;

f.  granting additional appropriate relief pursuant to section 1521(a) of the Bankruptcy Code, and specifically:

i.  providing for the examination of witnesses, the taking of evidence or the delivery of information concerning Debtor's assets, affairs, rights, obligations, or liabilities pursuant to section 1521(a)(4) of the Bankruptcy Code, Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), and Local Rule 2004-1 of the United States Bankruptcy Court for the Southern District of Florida ("Local Rule 2004-1"), and finding and concluding that any such examinations, evidence, or information is necessary and appropriate under the laws of the United States to assist Petitioner in the fulfillment of his duties as insolvency administrator and Foreign Representative of the Brazilian Proceeding; and

ii. entrusting the administration or realization of all Debtor's assets within the territorial jurisdiction of the United States to Petitioner pursuant to section 1521(a)(5) of the Bankruptcy Code.

g. entrusting the distribution of all Debtor's assets located within the United States to Petitioner pursuant to section 1521(b) of the Bankruptcy Code; and

h. granting such other and further relief as this Court may deem just and proper.

## BASIS FOR RELIEF REQUESTED

**A.    The Court Should Recognize the Brazilian Proceeding as a Foreign Main Proceeding and Petitioner as Its Foreign Representative**

26.    Section 1517(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court shall enter an order recognizing a foreign proceeding as a foreign main proceeding if (1) such foreign proceeding is a foreign main proceeding within the meaning of section 1502 of the Bankruptcy Code, (2) the foreign representative applying for recognition is a person or body, and (3) the petition meets the requirements of section 1515 of the Bankruptcy Code. *See British American Ins. Co. Ltd. v. Fullerton (In re British American Ins. Co. Ltd.)*, 488 B.R. 205, 213–14 (Bankr. S.D. Fla. 2013).  As explained below, the Brazilian Proceeding, Petitioner, and this Chapter 15 Petition satisfy all the section 1517(a) requirements.

### 1.    The Court has Jurisdiction to Recognize the Brazilian Proceeding and Grant the Relief Requested

27.    The Court has jurisdiction to hear and determine chapter 15 cases as core matters pursuant to 28 U.S.C. §§ 157(b)(2)(P) and 1334, as well as the Standing Order of Reference.

28.    Sections 1504 and 1509(a) of the Bankruptcy Code provide that a chapter 15 case is properly commenced when a foreign representative files a petition for recognition of a foreign proceeding. For the reasons discussed below, the Brazilian Proceeding qualifies as a "foreign proceeding," and Petitioner qualifies as its "foreign representative." Therefore, by filing this Chapter 15 Petition, Petitioner has properly commenced this chapter 15 case.

**2.      The Brazilian Proceeding Is a Foreign Main Proceeding**

29.      The Brazilian Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.  The Brazilian Proceeding comes within the general definition of "foreign proceeding" as set forth in section 101(23) of the Bankruptcy Code.  Section 101(23) requires that a "foreign proceeding" be (1) a collective judicial or administrative proceeding relating to insolvency or adjustment of debt, (2) pending in a foreign country, (3) under the supervision of a foreign court, and (4) for the purpose of reorganizing or liquidating the assets and affairs of the debtor.  *See* 11 U.S.C. § 101(23).  The Bankruptcy Code defines "foreign court" as "a judicial or other authority competent to control or supervise a foreign proceeding." *See* 11 U.S.C. § 1502(3).

30.      The Brazilian Proceeding fits squarely within the Bankruptcy Code's definition of a "foreign proceeding."

31.      *First*, the Brazilian Proceeding is a "proceeding" in that it is a liquidation proceeding initiated under the Brazilian Bankruptcy Law. (Frgn. Rep. Decl. ¶ 37.)

32.      *Second*, the Brazilian Proceeding is "judicial" because it is: (a) a proceeding that the Brazilian Court issued by entering an order granting the petition commencing the Brazilian Proceeding ("the Commencement Order"); and (b) a proceeding that the Brazilian Court is required to oversee and supervise pursuant to Sections 3 and 73 of the Brazilian Bankruptcy Law. (*Id.* ¶ 38.)

33.      *Third*, the Brazilian Proceeding is "collective in nature," as the claims of all creditors will be addressed and resolved in a fair and neutral manner. Article 3 of the Brazilian Bankruptcy Law provides:

> *"Article 3.* ***The court of the principal place of business of the debtor*** *or branch of a company headquartered outside Brazil has jurisdiction to approve the extrajudicial reorganization plan,* ***grant the court-supervised reorganization or adjudicate the bankruptcy****."*

(*Id.* ¶ 39 (citation omitted).)

34.     *Fourth*, the Brazilian Proceeding is pending in Brazil. (*Id.* ¶ 40.)

35.     *Fifth*, the Brazilian Proceeding is absolute as explained in Article 3 because it is governed by the Brazilian Bankruptcy Law, which specifies the proceedings for liquidation. (*Id.* ¶ 41.)

36.     *Sixth*, the objective of the Brazilian Proceeding, as described above, is collective satisfaction of a debtor's creditors by liquidation of Debtor's assets. (*Id.* ¶ 42.)

37.     Consistent with the foregoing, U.S. bankruptcy courts consistently recognize bankruptcy proceedings under Brazilian law. *See, e.g.*, *In re Massa Falida do Banco Cruziero do Sul, S.A.*, 637 B.R. 675 (S.D. Fla. 2022) (doc. 16); *In re Petroforte Brasileiro de Petroleo Ltda.*, 542 B.R. 899 (Bankr. S.D. Fla. 2015) (doc. 7); *see also In re Servicos de Petroleo Constellation S.A.*, 613 B.R. 497 (Bankr. S.D.N.Y. 2020) (doc. 13); *In re Oi S.A.*, 587 B.R. 253, 255 (Bankr. S.D.N.Y. 2018) (doc. 232).

### 3.    Debtor's Center of Main Interests Is in Brazil

38.     The Brazilian Proceeding qualifies as a "foreign main proceeding." A "foreign main proceeding" is defined in the Bankruptcy Code as a "foreign proceeding pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1502(4). The Bankruptcy Code neither defines nor provides a conclusive test for determining the location of a debtor's center of main interests ("COMI"). However, "[i]n the absence of evidence to the contrary," there is a statutory presumption that a debtor's "registered office" is its COMI. *See* 11 U.S.C. § 1516(c).

39.     Debtor's COMI is in Brazil. At all the times since it was founded in 1995, Uni Systems has been incorporated and registered in Brazil. (Frgn. Rep. Decl. ¶ 44.) Accordingly, there is a statutory presumption that Debtor's COMI is in Brazil.

40.      Although the statutory presumption may be rebutted by "evidence to the contrary," there is no such evidence here. Indeed, the relevant evidence here strongly supports a finding that Debtor's COMI is in Brazil.

41.      Petitioner is not aware of the existence of any other litigation pending in the United States in which Debtor is a party. (*Id.* ¶ 46.)

42.      Because Debtor's COMI is in Brazil, the Brazilian Proceeding is a "foreign main proceeding" under section 1517(b)(1) of the Bankruptcy Code.

### 4.    Petitioner is a "Foreign Representative"

43.      The second requirement for recognition of a foreign main proceeding under section 1517(a) of the Bankruptcy Code is that the "foreign representative" applying for recognition be a person or body.  *See* 11 U.S.C. § 1517(a)(2).  Section 101(24) of the Bankruptcy Code provides:

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

44.      Petitioner is an individual who represents Compasso, which has been duly appointed by the Brazilian Court to act as the Judicial Administrator under the Brazilian Proceeding.  (Frgn. Rep. Decl. ¶ 2.) As such, Petitioner is responsible for marshalling the Debtor's assets and debts and distributing the proceeds of its assets thereof in accordance with Brazilian Bankruptcy Law and under the supervision of the Brazilian Court. (*Id.* ¶ 52.)

45.      Pursuant to Article 22 of the Brazilian Bankruptcy Law, Petitioner is subject to supervision by the Brazilian Court and may be required to provide specific information or report on the progress of the proceedings and significant legal acts.  (*Id.* ¶ 4.) Petitioner also reports to the Brazilian Court and to the creditors of Uni Systems regarding the progression of the proceedings

and significant legal acts. (*Id.*) In short, Petitioner is a "foreign representative" who is a "person or body" in satisfaction of sections 101(24) and 1517(a)(2) of the Bankruptcy Code.

**5.    The Chapter 15 Petition Satisfies the Requirements of Section 1515**

46.    The third and final requirement for recognition of a foreign proceeding under section 1517(a) of the Bankruptcy Code is that the petition for recognition meets the procedural requirements of section 1515 of the Bankruptcy Code. *See* 11 U.S.C. § 1517(a)(3). Specifically, as relevant here, section 1515 requires a petition for recognition of a foreign proceeding to be accompanied by "a certified copy of the decision commencing such proceeding and appointing the foreign representative" and "a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative." 11 U.S.C. § 1515(b)(1) and (c).

47.    Here, those procedural requirements are satisfied. As noted above, the Brazilian Proceeding was commenced, and Compasso was appointed as Judicial Administrator thereto, pursuant to the Commencement Order. (Frgn. Rep. Decl. ¶ 47.) In accordance with section 1515(b)(1) of the Bankruptcy Code, a copy of the Commencement Order as well as a certified English translation thereof are attached as **Exhibit B** to the Foreign Representative Declaration, which is filed contemporaneously herewith. Pursuant to section 1515(c) of the Bankruptcy Code, paragraph 46 of the Foreign Representative Declaration contains a statement identifying the Brazilian Proceeding as the only foreign proceeding currently pending with respect to Debtor.

48.    Finally, Rule 1007(a)(4)(B) of the Federal Rules of Bankruptcy Procedure requires Petitioner to file a "list containing the names and addresses of: (i) all persons or bodies authorized to administer Debtor's foreign proceedings; (ii) all entities against whom provisional relief is sought under § 1519; and (iii) all parties to litigation pending in the United States in which the debtor was a party when the petition was filed":

     i.    Names and addresses of all persons or bodies authorized to administer the Debtor's foreign proceedings: Dr. Felipe Barbi Scavazzini and COMPASSO ADMINISTRAÇÃO JUDICIAL LTDA., Av. Presidente Vargas, 2121, Salas 80l/810 - CEP 14020-525, Jardim Santa Angela, Ribeirao Preto/SP, Brazil

     ii.    All entities against whom provisional relief is being sought under § 1519: None at this time.

     iii.    All parties to litigation pending in the United States in which the Debtor is a party at the time of the filing of the Chapter 15 Petition: None known.

49.    For the reasons set forth above, Petitioner respectfully submits that the requirements of section 1517(a) have been satisfied, and that Petitioner and/or Debtor, as applicable, are entitled to all the relief provided as of right upon recognition under chapter 15 of the Bankruptcy Code. Accordingly, the Court should enter the Proposed Order, attached hereto as **Exhibit 1**, recognizing the Brazilian Proceeding as a foreign main proceeding.

**B.**    **The Court Should Grant the Foreign Representative's Request for Discretionary Relief under Chapter 15 of Bankruptcy Code**

50.    In addition to the relief automatically provided under sections 1509(b) and 1520 of the Bankruptcy Code upon recognition of the Brazilian Proceeding, Petitioner requests that this Court provide additional relief and assistance pursuant to section 1521 of the Bankruptcy Code as follows.

**1.**    **The Relief Requested Pursuant to Section 1521 Is Warranted and Appropriate Under the Circumstances**

51.    Upon recognition of a foreign proceeding and at the request of a foreign representative, the Court may grant (with certain express exceptions not applicable here) "any appropriate relief where necessary to effectuate the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1521(a). Such relief may include, among other relief:

(4)      providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the Debtor's assets, affairs, rights, obligations or liabilities; [and]

(5)      entrusting the administration or realization of all or part of the Debtor's assets within the territorial jurisdiction of the United States to the foreign representative[.]

11 U.S.C. § 1521(a).  Additionally, section 1521(b) provides that "[u]pon recognition of a foreign proceeding, whether main or nonmain, the court may, at the request of the foreign representative, entrust the distribution of all or part of Debtor's assets located in the United States to the foreign representative provided that the court is satisfied that the interests of creditors in the United States are sufficiently protected."  11 U.S.C. § 1521(b).

52.      For the reasons set out below, Petitioner requests that the Court grant the relief authorized by sections 1521(a)(4), 1521(a)(5), and 1521(b) of the Bankruptcy Code.

53.      *First*, Petitioner requests that the Court enter an order authorizing him to examine witnesses and take evidence and information concerning Debtor's assets, affairs, rights, obligations, or liabilities pursuant to section 1521(a)(4) of the Bankruptcy Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure.  In fulfilling Compasso's duties as Judicial Administrator in the Brazilian Proceeding, Petitioner is undertaking an investigation regarding Debtor's assets, as well as to secure other documentary and testimonial evidence from witnesses in furtherance of his investigative and asset recovery efforts as part of the Brazilian Proceeding. The investigation has expanded beyond the borders of Brazil, and pursuing discovery in the United States is an important aspect of the investigation. (Frgn. Rep. Decl. ¶ 50.)

54.      Petitioner seeks information from parties located in the United States to assist with the investigation, the pursuit of claims, and the identification and realization of assets for the benefit of Debtor and its creditors. (*Id.* ¶¶ 51–52.) Such discovery will likely include information to assist

Petitioner with identifying individuals and entities that may have diverted assets belonging to Debtor.

55.    Debtor is not known to be a party to any U.S. litigation and, therefore, without authorization from this Court, Petitioner will not have immediate means to obtain discovery or otherwise compel disclosures from third parties. (*See id.* ¶ 46.) Moreover, the relief requested is consistent with relief granted by this and other courts upon granting chapter 15 recognition. *See, e.g.*, *In re Transbrasil S.A. Linhas Aereas*, Case No. 11-19484, 2014 WL 1655990 (Bankr. S.D. Fla. Apr. 25, 2014) (adjudicating third-party motions with respect to Rule 2004 examination and document requests made by foreign representative pursuant to section 1521(a)(4)); *In re Hughes*, 281 B.R. 224, 227–30 (Bankr. S.D.N.Y. 2002) (holding, under statutory predecessor to chapter 15, that scope of discovery in ancillary case was not limited by discovery available under law governing foreign proceeding, and noting that the same principle would apply under then-proposed section 1521(a)(4)). Accordingly, Petitioner submits that authorization to pursue discovery under section 1521(a)(4) and Rule 2004 is warranted and appropriate here.

56.    *Second*, to the extent not provided by sections 1521(a)(5) and 1521(b) of the Bankruptcy Code, Petitioner requests that the Court enter an order entrusting the administration, realization, and distribution of Debtor's assets within the territorial jurisdiction of the United States to Petitioner. (Frgn. Rep. Decl. ¶ 52.) In the Brazilian Proceeding, Compasso is charged with the judicial reorganization of Debtor's assets and distributing the proceeds thereof in accordance with Brazilian Bankruptcy Law and under the supervision of the Brazilian Court. (*Id.*) By fulfilling these duties in the ordinary course of Compasso's appointment as Judicial Administrator and Foreign Representative of the Brazilian Proceeding with respect to assets identified and collected in the territorial United States, Petitioner will be exercising the rights and powers provided to him as of

right upon recognition pursuant to section 1520(a)(3) of the Bankruptcy Code. Nevertheless, Petitioner submits a more express grant of authority by the Court pursuant to sections 1521(a)(5) and 1521(b) of the Bankruptcy Code is warranted and appropriate. Among other benefits, such relief would avoid the administrative cost and delay attendant to requesting similar relief in a piecemeal fashion for every asset subject to the Brazilian Proceeding that Petitioner identifies as being located within the United States. (*Id.*)

### 2.   The Relief Requested Sufficiently Protects the Interests of Creditors

57.     Before granting relief pursuant to section 1521 of the Bankruptcy Code, the Court must be satisfied that "the interests of creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a). Although the Bankruptcy Code does not define "sufficient protection," the legislative history indicates that the prohibition applies where "it is shown that the foreign proceeding is seriously and unjustifiably injuring United States creditors." H. Rep. No. 109-31, pt. 1, 109th Cong., 1st Sess. 116 (2005). Courts have construed section 1522 to require a balance of the potentially competing interests among the parties to a foreign proceeding and to provide the Court with broad latitude in granting relief to meet specific circumstances. *See, e.g.*, *In re Atlas Shipping A/S*, 404 B.R. 726, 740 (Bankr. S.D.N.Y. 2009).

58.     Here, Debtor's creditors are "sufficiently protected" by the treatment afforded them in the Brazilian Proceeding under Brazilian Bankruptcy Law. (Frgn. Rep. Decl. ¶ 53.) U.S. claimants (if any) are not being subjected to undue inconvenience or prejudice because, among other reasons, Brazilian Bankruptcy Law does not create any additional burdens for foreign creditors to file a claim and confers upon them the same status and rights as creditors in Brazil. (*Id.*) While there may be exceptions on a case-by-case basis, courts have consistently held that the fact that certain creditors "may be denied an advantage over Debtor's other . . . creditors is not a valid reason to deny relief to the foreign representative." *Atlas Shipping*, 404 B.R. at 742. Accordingly, Petitioner

submits that the relief requested pursuant to section 1521 of the Bankruptcy Code should not be prohibited or limited by section 1522.

### 3. Petitioner Seeks Relief That Is Consistent with the Purpose of Chapter 15 and the Statutory Requirements for Cooperation Under Chapter 15

59.    The relief requested herein is founded on the congressional mandate that United States courts should cooperate with foreign proceedings and foreign representatives to promote the goals of chapter 15. Section 1525 of the Bankruptcy Code provides, in pertinent part, that "[c]onsistent with section 1501, the court shall cooperate to the maximum extent possible with a foreign court or a foreign representative, either directly or through the trustee." 11 U.S.C. § 1525(a). In turn, section 1501 provides, in pertinent part, that "[t]he purpose of [chapter 15] is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of":

> (1)    cooperation between--(A) courts of the United States . . . and (B) the courts and other competent authorities of foreign countries involved in cross-border insolvency cases;
>
> (2)    greater legal certainty for trade and investment;
>
> (3)    fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested parties, including the debtor;
>
> (4)    protection and maximization of the value of the debtor's assets; and
>
> (5)    facilitation of the rescue of financially troubled businesses, thereby protecting investments and preserving employment.

11 U.S.C. § 1501(a).

60.    These relevant objectives will be furthered by granting the relief requested herein. By recognizing the Brazilian Proceeding as a "foreign main proceeding," the Court would be fostering cooperation between courts in Brazil and the United States and ensuring that the fair and

efficient administration of Debtor's assets in the Brazilian Proceeding cannot be disrupted by creditors or other parties in interest outside of Brazil. (Frgn. Rep. Decl. ¶ 54.) Moreover, by empowering Petitioner to employ the means of investigation and discovery available under United States law and procedure, the Court would be protecting and maximizing the value of U.S. assets belonging to or unlawfully taken from Debtor and promoting legal certainty by ensuring those assets are collected and administered by Petitioner in accordance with Brazilian Bankruptcy Law. (*Id.*)

61.     For the foregoing reasons, Petitioner respectfully requests that the Court exercise its discretionary authority pursuant to section 1521 to grant the relief that Petitioner requests herein.

**C.    None of the Relief Requested Is Manifestly Contrary to the Public Policy of the United States**

62.     Under the public-policy exception of chapter 15, the Court may only deny a request for any relief under chapter 15 if that relief would be "manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506. The legislative history indicates that the "public policy" exception is narrow, applying only to the "most fundamental policies of the United States." H.R. Rep. No. 109-31, pt. 1, 109th Cong., 1st Sess. 109 (2005). "The narrow public policy exception contained in § 1506 is intended to be invoked only under exceptional circumstances concerning matters of fundamental importance for the United States. The key determination . . . is whether the procedures used [in the foreign proceeding] meet our fundamental standards of fairness." *Ad Hoc Group of Vitro Noteholders v. Vitro, S.A.B. de C.V. (In re Vitro, S.A.B. de C.V.)*, 701 F.3d 1031, 1069 (5th Cir. 2012) (internal citations omitted). Importantly, it is not necessary that the result achieved in a foreign proceeding be identical to what could be obtained in the United States—"even the absence of certain procedural or constitutional rights will not itself be a bar under § 1506." *Id.* (citation omitted). Thus, a foreign representative should not be denied comity simply because the

relief obtained in the foreign proceeding under the applicable law of that country would not be available in the United States. *See In re Condor Ins. Ltd.*, 601 F.3d 319, 327 (5th Cir. 2010).

63.     Petitioner submits that neither the Brazilian Proceeding nor the relief requested in the Chapter 15 Petition warrants invocation of section 1506. Pursuant to Brazilian Bankruptcy Law, creditors and other parties in interest have the right to participate and be heard in the Brazilian Proceeding, consistent with concepts of due process under United States law and jurisprudence. (Frgn. Rep. Decl. ¶ 55.) In sum, the relief requested herein effectively extends the Brazilian insolvency process into the United States, ensuring that assets belonging to or unlawfully taken from Debtor and located within the territorial United States do not escape the reach of the Brazilian Proceeding and empowering Petitioner to employ the means of investigation and discovery that are afforded as of right to trustees in plenary U.S. bankruptcy cases. (*Id.*) None of the relief requested is contrary, let alone manifestly so, to U.S. law or public policy. Accordingly, Petitioner respectfully requests that the Court find and determine that recognizing the Brazilian Proceeding as a "foreign main proceeding" and granting the additional relief requested in the Chapter 15 Petition is neither prohibited nor should be limited by section 1506 of the Bankruptcy Code.

### D.     Venue Is Proper in this District

64.     Section 1410 of Title 28 of the United States Code provides that a chapter 15 case "may be commenced in the district court of the United States for the district--(1) in which the debtor has its principal place of business or principal assets in the United States; (2) if the debtor does not have a place of business or assets in the United States, in which there is pending against the debtor an action or proceeding in a Federal or State court; or (3) in a case other than those specified in paragraph (1) or (2), in which venue will be consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative." 28

20

U.S.C. § 1410. To the best of the Foreign Representative's knowledge, there are no actions or proceedings pending against Debtor in any U.S. court.

65.     Upon information and belief, certain assets of the Debtor were transferred to Uni-Systems Florida, which is based in Key Biscayne, within this District. (Frgn. Rep. Decl. ¶ 26.) And Petitioner maintains that venue in this District would otherwise be consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative. Accordingly, Petitioner respectfully submits that venue in this District is proper pursuant to both subsections 1410(1) and 1410(3) of Title 28 of the United States Code.

## <u>NOTICE AND HEARING</u>

66.     In accordance with section 1517(c) of the Bankruptcy Code, Petitioner requests that a hearing to consider the Chapter 15 Petition (the "Recognition Hearing") be scheduled at the "earliest possible time." 11 U.S.C. § 1517(c); *see also* Fed. R. Bankr. P. 2002(q)(1) ("After a petition for recognition of a foreign proceeding is filed, the court must promptly hold a hearing on it."). Notice of the Recognition Hearing is governed by Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure, which provides, in pertinent part, that "[t]he clerk or the court's designee must promptly give at least 21 days' notice by mail of the hearing to":

- the debtor;

- all persons or bodies authorized to administer the Debtor's foreign proceedings;

- all entities against whom provisional relief is being sought under § 1519;

- all parties to litigation pending in the United States in which the debtor was a party when the petition was filed; and

- any other entities as the court orders.

Fed. R. Bankr. P. 2002(q)(1).

67.     To the best of his knowledge and belief, Petitioner (a) is not aware of the existence of any foreign proceedings of Debtor other than the Brazilian Proceeding, nor any person or body other than himself authorized to administer the Brazilian Proceeding, (b) does not intend at this time to seek any provisional relief pursuant to section 1519 of the Bankruptcy Code, and (c) is not aware of any litigation pending in the United States in which Debtor is a party as of the date hereof.  (Frgn. Rep. Decl. ¶¶ 46, 48.)  Accordingly, subject to any notice parties the Court may direct, Petitioner submits that no further notice of the Chapter 15 Petition and Recognition Hearing is required. Nevertheless, in an abundance of caution and to ensure that appropriate notice has been provided, Petitioner will post the Chapter 15 Petition and related papers on the public website for liquidation of Debtor.

## NO PRIOR REQUEST

68.     No previous request for the relief requested herein has been made to this or any  other court.

## CONCLUSION

**WHEREFORE**, Petitioner respectfully requests  that  the Court:  (a) enter the Proposed Order, upon notice and a hearing, substantially in the form attached hereto as **Exhibit 1**, and (b) grant such other and further relief as may be just and proper.

Dated: January 13, 2026
Miami, Florida

Respectfully submitted,

**KING & RUIZ LLP**

*/s/ Gabriela M. Ruiz*
Gabriela M. Ruiz
Fla. Bar. No. 46844
2 S Biscayne Blvd #3200
Miami, FL  33131
Telephone: (305) 395-4984
Email: gruiz@kingruiz.com

Mallorie A. Thomas
Fla. Bar. No. 1040370
2 S Biscayne Blvd #3200
Miami, FL  33131
Telephone: (305) 395-4984
Email: mthomas@kingruiz.com

*Attorneys for the Foreign Representative*